IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| INDEPENDENT CONSTRUCTION ) | |
| EQUIPMENT BUILDERS UNION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4026 |
| ) | |
| SPX CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is now before the Court on Defendant's latest Motion to Dismiss Plaintiff's Complaint to Compel Arbitration under § 301 of the Labor-Management Relations Act ("LMRA"). For the reasons set forth below, the Motion to Dismiss [#15] is DENIED.

**FACTUAL BACKGROUND**

Plaintiff, Independent Construction Equipment Builders Union ("ICEBU" or the "Union"), entered into a collective bargaining agreement ("the CBA") with employees of Compaction America, Inc. ("Compaction") on November 1, 2002. At the time that the CBA was signed, Compaction was a subsidiary of Defendant SPX Corporation ("SPX"). Compaction has since changed its name to BOMAG Americas, Inc. ("BOMAG"), and will be referred to as such in this Order.

On January 3, 2005, SPX sold its interest in BOMAG to the Fayat Group ("Fayat"). ICEBU President Bob Curry subsequently contacted SPX's Vice President of Human Resources, James Weltzer ("Weltzer"), indicating that SPX owed the Union's employees severance pay under the terms of the CBA. Weltzer responded that ICEBU should address its grievance to BOMAG because

it was "the responsible party under the collective bargaining agreement." ICEBU then filed the instant action.

SPX previously moved to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and under Rule 12(b)(7) for failure to join a necessary party under Rule 19. The Court granted the 12(b)(6) motion with leave to replead to make additional factual assertions that could promote reasonable inferences regarding agency or some other theory of liability and denied the 12(b)(7) motion without prejudice. On July 21, 2005, Plaintiff filed an Amended Complaint. SPX has now filed a second Motion to Dismiss pursuant to Rules 12(b)(1), (6), and (7). This Order follows.

## STANDARD OF REVIEW

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the nonmoving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

## DISCUSSION

SPX's Motion to Dismiss reiterates virtually identical arguments to those asserted in its prior motion. Essentially, the Motion arises from SPX's contention that it was not a party to the CBA entered into by its subsidiary's employees and that the subsidiary is a necessary party to the suit.

SPX again asks the Court to order ICEBU to join BOMAG as a defendant or, in the alternative, that the suit be dismissed for failure to join a necessary party. The company further argues that ICEBU has not stated a claim upon which relief can be granted because LMRA § 301 actions are limited to disputes between the parties to a bargaining agreement, and the claim cannot be arbitrated against a non-party.

Motion to Dismiss - Rules 12(b)(1) and (6)[1]

In ruling on the previous motion, the Court found that ICEBU's Complaint did not contain sufficient allegations to promote the reasonable inference that SPX was bound by the CBA in question. The Court acknowledged that there are "several ways that a non-signatory can be bound by a contract, such as through the doctrines of assumption, agency, equitable estoppel, veil piercing, and incorporation by reference[,]" but held that the conclusory allegations in ICEBU's Complaint did not adequately support the application of these theories. Fyrnetics (Hong Kong) Ltd. v. Quantum Group, Inc., 293 F.3d 1023 (7th Cir. 2002). ICEBU was then given leave to file an amended complaint curing this deficiency by including facts tending to show that the BOMAG employees who signed the CBA were agents of SPX, or that SPX received a direct benefit from the CBA and is therefore estopped from denying its obligation to arbitrate. *See* American Bureau of Shipping v. Tencara Shipyard S.P.A.,170 F.3d 349 (2nd Cir. 1999).

In its Amended Complaint, ICEBU attached the cover page to the CBA, which states that the agreement is between ICEBU and "Compaction America, Inc., SPX Corporation." The

---

[1] The basis for SPX's Rule 12(b)(1) Motion is that the Court lacks subject matter jurisdiction over this action because § 301 of the LMRA only applies to parties to a collective bargaining agreement. As the issue of whether SPX is in fact a party to the CBA arises under SPX's Rule 12(b)(6) Motion, the Rule 12(b)(1) Motion is addressed implicitly in conjunction with the ruling on the Rule 12(b)(6) Motion.

preamble, which was inadvertently omitted from the attachment to the original Complaint, also states that the agreement is between ICEBU and "Compaction America, Inc., SPX Corporation, at Kewanee, Illinois, hereinafter referred to as the 'Company.'" Paragraph 8 of the Amended Complaint alleges that none of the individuals on the management team who attended the bargaining sessions leading up to the CBA expressly linked themselves solely to Compaction or disavowed any relationship with SPX. In ¶ 9, ICEBU alleges that during the bargaining session, Jim Weltzer, SPX's Vice President of Human Resources, provided an overview of his history with SPX, an overview of SPX's organization/structure, and SPX's philosophy/expectations. Paragraph 10 asserts that the SPX Corporate Attorney, Michael Flaherty, stated SPX's strict policy of attention to legal issues. In ¶¶ 12 - 15, ICEBU maintains that it was clear that no agreement could be reached without SPX's approval and that SPX agreed to provide key employee benefits in accordance with the CBA, such as participation in th e"SPX Retirement Savings Plan" and SPX's health insurance plan. Disability benefits were provided through the SPX Long Term Disability Plan, and life insurance was also provided through SPX. Amended Complaint, ¶¶ 16 - 17. Employees also participated in an SPX defined benefit pension plan, provided that at the time of retirement they were at least 55 years of age and had "10 or more year of qualifying service with SPX." Id. at ¶ 18. ICEBU further alleges that the signatories of the CBA served as agents of SPX, which retained control over the integral terms and conditions of the relationship consistent with an intent to be bound by the terms of the CBA. Id. at ¶ 23.

    ICEBU contends that these additional allegations are sufficient to promote the reasonable inference that the management team who negotiated and signed the CBA were acting on behalf of SPX with either actual or apparent agency. At this stage of the litigation, when all allegations of fact

must be presumed true and all reasonable inferences must be drawn in favor of ICEBU, the Court agrees. As the Court cannot find that there is no set of facts that could be established consistent with the allegations in the Amended Complaint that would demonstrate that SPX was a party to the CBA and entitle ICEBU to relief, SPX's Motion to Dismiss based on either Rule 12(b)(1) or Rule 12(b)(6) must be denied. The factually intensive inquiry as to whether SPX was in fact a party to the CBA involves disputes of material fact and credibility assessments that must await resolution on a more fully developed record.

### Rule 12(b)(7) Motion to Order Joinder or Dismiss

A party is necessary and will be joined by court order under Rule 19(a) if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
>> (i) as a practical matter impair or impede the person's ability to protect that interest or
>>
>> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). SPX cites Elmhurst Consulting, LLC v. Gibson, 219 F.R.D. 125 (N.D.Ill. 2003), to support the proposition that a party to the contract at issue is necessary under Rule 19(a). However, Elmhurst in turn cites U.S. ex rel. Hall v. Tribal Development Corp., 100 F.3d 476 (7th Cir. 1996), in which the Seventh Circuit found that a party to the contract was necessary under Rule 19(a)(2)(i). In this case, none of the provisions of Rule 19(a)(2) are applicable without some showing that BOMAG has claimed an interest in the subject, as Rule 19(a) does not otherwise contemplate any consideration of the absent party's interests. In resolving the prior Motion to

Dismiss, the Court found that SPX had not attempted to show that BOMAG's absence would affect the interests of the current parties or that complete relief was not possible and denied the Motion without prejudice.

SPX now argues that BOMAG, through Fayat, has asserted an interest in this case by making an adjustment to its working capital to allow for an accrual for the potential severance pay liability. According to SPX, joinder of BOMAG is therefore essential in order to protect BOMAG's ability to protect its interests, as SPX will assert that BOMAG is responsible for any severance pay that is ultimately found to be due and owing. With all due respect, Fayat's internal decision to reserve working capital to cover a potential liability does not constitute asserting an interest in this litigation for purposes of Rule 19(a)(2). Rather, it suggests that there might have been some other agreement between SPX and Fayat that provided for the assumption of certain liabilities in connection with the sale of the Kewanee facility that is not now before the Court. Neither BOMAG nor Fayat have moved to intervene or otherwise taken action to indicate that its absence might impair its ability to protect any interests that it might have in connection with the present litigation, in which ICEBU seeks to compel SPX to arbitrate its grievance. Accordingly, the requested relief is not appropriate under Rule 19(a)(2).

With respect to Rule 19(a)(1), the Court must conclude that SPX has failed to demonstrate that complete relief cannot be afforded in the absence of BOMAG. ICEBU contends that the only relief sought in this action is an order directing SPX to arbitrate its grievance, which does not require the presence of either BOMAG or Fayat. Which entity or entities might ultimately be liable in the event that the Court compels arbitration and there is an adverse ruling by an arbitrator awarding the payment of severance benefits is a completely separate issue not presently before this Court. ICEBU

has quite clearly and consistently taken the position that SPX is the only proper defendant to this suit; if the Court ultimately finds that SPX is not a party to the CBA, then ICEBU has taken this position at its own peril. Given the limited scope of relief sought in the Amended Complaint, the Court cannot find that complete relief cannot be awarded in the absence of BOMAG or Fayat. Accordingly, SPX's Motion to Dismiss pursuant to Rule 12(b)(7) is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [#15] is DENIED in its entirety. SPX is directed to answer the Amended Complaint within 21 days of the entry of this Order.

ENTERED this 11th day of October, 2005.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge